**McCAUGHN, Collector of Internal Revenue, v. McCAHAN (two cases). SAME v. RODENBOUGH. SAME v. BORDEN.**

Nos. 4254, 4253, 4255, 4256.

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1930.

The opinion of the District Court was as follows:

KIRKPATRICK, District Judge. This is a suit by a taxpayer to recover a deficiency assessment of income tax, paid under protest. The affidavit of defense raises the question of law that the facts set forth in the statement of claim are not legally sufficient to entitle the plaintiff to recover. The issue is the legal correctness of the assessment upon which the payment was made.

The facts as admitted by the pleadings are as follows: The plaintiff in 1914 purchased 150 shares of stock of the W. J. McCahan Sugar Refining Company at $276 per share. On March 1, 1913, the capital, earnings, and increases in value of the stock of the company amounted to $577.43 per share, of which $100 per share represented the original capital, and the balance, earnings, and increase

accrued prior to March 1, 1913. From March 1, 1913, to December 2, 1920, the earnings of the company, not distributed in dividends but carried to surplus, amounted to $231.74 per share. On December 2, 1920, the plant and all assets of the company were sold for cash, and thereafter the money so received was distributed in liquidation to the stockholders, liquidating dividends being paid as follows: $325 per share in 1920, $150 per share in 1921, and $100 per share in 1922. The assessment in issue here was upon the liquidating dividend of $100 per share received in 1922.

The precise method by which the commissioner arrived at the amount of assessment need not be detailed. It was based upon the theory that the liquidating dividends paid in 1920, 1921, and 1922 were presumed to be, first, a return to each shareholder of the original cost to him of his stock (to the extent of this original cost in each case, the commissioner assumed that the liquidating dividend consisted of original capital plus earnings accrued prior to March 1, 1913); second, earnings subsequent to March 1, 1913; and, third, the balance of earnings accrued prior to March 1, 1913, remaining after deducting so much as was put with the original capital to make up the cost of the stock to the stockholder. The plaintiff contends that, under the Revenue Act of 1921, distributions in liquidation must be regarded as ordinary dividends, subject to a tax to the extent that earnings after March 1, 1913, are contained in them, and that, under the presumptions created by section 201 (b) and (f) of the Revenue Act of 1921 (42 Stat. 228), the earnings after March 1, 1913, must be held to have been distributed first. The result of this position would be that considerably more than the entire earnings subsequent to March 1, 1913, would have to be held to have been distributed in the first two liquidating dividends, and that the third dividend upon which this assessment was based would be nontaxable, since it would be presumed to have been paid out of capital or earnings prior to March 1, 1913, or both.

If the Revenue Act of 1921 be compared with the act of 1918, it will be seen at once that it makes a marked change in the law with regard to the taxation of liquidating dividends. Section 201 (c) of the Revenue Act of 1918 (40 Stat. 1059) provides that: "Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed

to the distributee as other gains or profits." This clause was repealed and not re-enacted in the Law of 1921. Instead, that act contains the following provisions, in section 201 (42 Stat. 228): "That the term 'dividend' * * * means any distribution made by a corporation to its shareholders * * * out of its earnings or profits accumulated since February 28, 1913. * * * (b) For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits, accumulated since February 28, 1913; but any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed."

In the matter of Frank D. Darrow v. Commissioner of Internal Revenue, 8 B. T. A. 276, the Board of Tax Appeals, in a careful opinion, pointed out that the uniform policy of the revenue acts before and since the act of 1918 was to tax as a dividend every distribution of corporate earnings accumulated since February 28, 1913; that the Act of 1918 in section 201(c) departed from this policy to the extent of providing that distributions in liquidation were not to be treated as ordinary dividends but as payments in exchange for stock, subject to taxation and to the extent of the gain or profit realized thereby, but that the omission of this provision from the act of 1921, considered in the light of the legislative history of that act, shows a clear intent to abolish the exceptional rule as to liquidating dividends created by the act of 1918 and to re-enact as law the original policy that all earnings or profits accumulated since February 28, 1913, distributed in liquidation, are to be dealt with for purposes of taxation exactly as other dividends, regardless of whether there is an ultimate gain or a loss sustained from such distribution. The language of section 201, providing that dividend means *any* distribution, and of section 201(b), which provides that every distribution is made out of earnings or profits, together with section 201 (c), which excludes earnings or profits since February 28, 1913, distributed in liquidation from the computation of gain derived or loss sustained from such distribution, leaves no doubt that this was the intent of Congress. It follows that the theory upon which this assessment was made, and by which the first distribution in liquidation was held to have

included a profit, as though the act of 1918 were in force, cannot be sustained.

The remaining question is as to the order in which earnings accrued before or arising since February 28, 1913, must be presumed to have appeared in the liquidating dividends. Upon this point, section 201(b) of the Act of 1921 is definite and clear. Every distribution must be presumed to have been made from the most recently accumulated earnings or profits. Hence, the distributions of 1920 and 1921, totalling $475 per share, must be held to have included the entire $231.74 per share earned from March 1, 1918, up to the time that the company went out of business upon the sale of its assets in December, 1920, together with subsequent earnings which amount to only a few dollars per share. These two payments in liquidation therefore exhausted all taxable dividends. The payment of $100 per share made in 1922 must be presumed to have been made from earnings prior to March 1, 1913, or capital or both, and in any event is not taxable.

In the foregoing opinion no reference has been made to certain other shares of the William J. McCahan Sugar Refining Company which the taxpayer acquired by inheritance in 1915 and which was at that time appraised at $300 per share. The principles discussed are equally applicable to that stock, and the liquidating dividend paid upon it in 1922 was not taxable.

The statement is held to be sufficient in law. The statutory demurrer is overruled. It is the understanding of the court that the facts will not be controverted. It therefore would be useless to allow the defendant a further period in which to file an affidavit of defense. Judgment may be entered for the plaintiff in the amount claimed.

Calvin S. Boyer, U. S. Atty., and Mark Thatcher, Asst. U. S. Atty., both of Philadelphia, Pa. (C. M. Charest, General Counsel, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellant.

Walter L. Sheppard, William C. Alexander, Jr., and Foulkrod, Sheppard, Porter & Alexander, all of Philadelphia, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

The judgment is affirmed on the opinion of Judge Kirkpatrick.